**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

TERRI LEMASTER,

                     Plaintiff,

v.                                 CIVIL ACTION NO.   2:19-cv-00763

GARY HACKNEY, et al.,

                     Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are Defendant Sonya Hackney's ("S. Hackney") Motion to Dismiss (ECF No. 9) and Defendant Gary Hackney's ("G. Hackney") (collectively "Defendants") Motion to Dismiss (ECF No. 13).   For the reasons more fully set forth below, Defendants' Motions are **DENIED**.

## I.   BACKGROUND

Plaintiff filed this action against the Defendants alleging the fraudulent transfer of property, civil conspiracy, and unjust enrichment in an alleged attempt to avoid a valid judgment obtained against G. Hackney in the Commonwealth of Kentucky.   (ECF No. 1.)   Plaintiff's basis for federal jurisdiction is complete diversity between Plaintiff and the Defendants.   (*See id.*)   In her Complaint, Plaintiff alleges she is a resident of Kentucky and that Defendants are residents of West Virginia.   (*See id.* at ¶¶ 2–4.)

On October 21, 2019, Plaintiff filed this action against Defendants. (*Id.*)   Defendants subsequently filed the present motions to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure on November 12, 2019.   (*See* ECF Nos. 9, 13.)   Defendant S. Hackney argues in her motion that this Court lacks *in rem* jurisdiction over certain real property in North Carolina that is at issue in this dispute.   (ECF No. 10.)   Defendant G. Hackney, meanwhile, argues that extrinsic evidence would seemingly indicate that Plaintiff is a resident of West Virginia, such that complete diversity does not exist between the parties.   (ECF No. 13.)   Plaintiff timely responded to these motions, (ECF Nos. 18, 19), and Defendants did not file a reply.   As such, these motions are fully briefed and ripe for adjudication.

## II.   LEGAL STANDARD

Article III of the United States Constitution provides, in pertinent part, that "[t]he judicial Power shall extend ... to Controversies ... between Citizens of different States...." U.S. Const. art. III, § 2.   28 U.S.C. § 1332(a)(1) further establishes that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . citizens of different States."   The Supreme Court of the United States has long "read the statutory formulation 'between ... citizens of different States'" in Section 1332(a)(1) "to require complete diversity between all plaintiffs and all defendants*."   Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). "[T]he 'complete diversity' rule clarifies that the statute authorizing diversity jurisdiction over civil actions between a citizen of a state where the suit is brought and a citizen of another state permits jurisdiction only when no party shares common citizenship with any party on the other side." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999) (citation omitted).

2

"A party seeking to invoke diversity jurisdiction has the burden of showing complete diversity of citizenship." *Hardaway v. Checkers Drive-In Rests.*, 483 F. App'x 854, 854 (4th Cir. 2012) (citing *Krasnov v. Dinan*, 465 F.2d 1298, 1301 (3d Cir. 1972)). "When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), 'the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.'" *Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F. 3d 642, 647 (4th Cir. 1999) (quoting *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)). A motion to dismiss under Rule 12(b)(1) should only be granted "if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*

## III.    DISCUSSION

The two issues before the Court are whether complete diversity exists between the parties and whether *in rem* jurisdiction, or the lack thereof, prevents this Court from exercising control over real property located in the state of North Carolina. The Court will address each in turn, beginning with G. Hackney's motion and the issue of complete diversity.

### A. *Diversity Jurisdiction*

Defendant G. Hackney argues that this Court lacks subject-matter jurisdiction because complete diversity does not exist. In support of this argument, G. Hackney has attached an affidavit from a related cause of action between Plaintiff and G. Hackney in the Circuit Court of Mingo County, West Virginia.[1] (ECF No. 13-1, Exhibit A.) G. Hackney argues that this affidavit shows that Plaintiff was a resident of West Virginia, thus destroying complete diversity. (ECF No. 13 at 3.) Plaintiff argues that G. Hackney's reliance on that affidavit is misleading and

---

[1] The style of that litigation is *LeMaster v. Hackney, et al.*, Civ. Action No. 17-C-64.

has provided additional documentation that she asserts establishes her residency in the Commonwealth of Kentucky.   (ECF No. 19-1, Exhibit A.)

Diversity jurisdiction is based on whether diversity exists at the time the action was filed. *Coalfield Lumber Co., Inc. v. Stancy*, 2019 WL 4281931, at *2 (S.D. W. Va. Sept. 10, 2019) (citing *Porsche Cars North America, Inc. v. Prosche.net*, 302 F.3d 248, 255–56 (4th Cir. 2002)); *see also McNeely v. Soyoola*, 2014 WL 12862485, at *2 (S.D. W. Va. Mar. 27, 2014) (stating that "the parties' citizenship at the time of filing determines diversity jurisdiction, in that a later change of citizenship will generally not alter whether diversity jurisdiction exists"). Plaintiff initiated this action on October 21, 2019.   (ECF No. 1.)   An affidavit from two and a half years prior to this action, listing the Plaintiff's counsel of record's address—as evidenced by the official seal of the notary public listing the same—is unpersuasive to this Court and insufficient to establish Plaintiff's residency in West Virginia.[2]   (*See* ECF No. 13-1, Exhibit A.)

Yet, the burden to establish diversity jurisdiction lies with Plaintiff.   *See Hardaway*, 483 F. App'x at 854.   "An individual is a citizen of the state in which he or she is domiciled."   *Bloom v. Library Corp.*, 112 F. Supp. 3d 498, 502 (N.D. W. Va. June 30, 2015) (citing *Johnson v. Advance Am.*, 549 F.3d 932, 937 n.2 (4th Cir. 2008)).   "Domicile requires physical presence, coupled with an intent to make the State a home" and, thus, allegations of residence alone do not establish citizenship in a state.   *Id.* (quoting *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)); *see also Johnson*, 549 F.3d at 937 n.2.   In determining domicile, Courts may consider the following factors: "the party's current residence; voter registration and voting

---

[2] Furthermore, Plaintiff has attached an affidavit in her Response in Opposition.   (ECF No. 19-2, Exhibit B.)   This affidavit is executed by Paul S. Atkins, Plaintiff's former counsel.   (*Id.*)   Mr. Atkins avers that the address referenced by Defendant G. Hackney is the business address of Atkins & Ogle Law Offices, LC, formerly the Atkins Law Offices, LC.   (*Id.*)   Mr. Atkins further states that during his representation of Plaintiff, mail was directed to the firm's address on her behalf.   (*Id.*)   Plaintiff has never resided at that address.   (*Id.*)

4

practices; situs of personal and real property; location of brokerage and bank accounts; membership in unions, fraternal organizations, churches, clubs, and other associations; place of employment or business; driver's license and automobile registration; [and] payment of taxes." *Bloom*, 112 F. Supp. 3d at 502 (quoting 13E Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3612 (3d ed. 2014)).   However, none of these factors are dispositive. *Id.*   "Furthermore, a party's own statements of his intended domicile are 'not conclusive' and are 'entitled to little weight when in conflict with the facts.'"   *Peterson for Peterson v. Patty*, No. 3:16-cv-00026, 2017 WL 2655854, at *3 (W.D. Va. June 19, 2017) (citing *Webb v. Nolan*, 361 F. Supp. 418, 421 (M.D.N.C. 1972), *aff'd*, 484 F.2d 1049 (4th Cir. 1973)).

Plaintiff has alleged in her Complaint to be a current resident of the Commonwealth of Kentucky.   (ECF No. 1 at ¶ 2.)   Plaintiff has also attached an Affidavit in her response to the motion, (ECF No. 19-1, Exhibit A), in which she states that she has resided in Kentucky her entire life, including the last 15 years at her current address in Belfry, Kentucky.   (*Id.* at ¶¶ 2, 5.) Furthermore, Plaintiff states that she does not own property in West Virginia, and she has attached her Kentucky driver's license.   (*Id.* at ¶¶ 6, 7, 13.)   Simply, Plaintiff has provided sufficient documented evidence to support her residence in Kentucky.   She has not only established, through official documentation, her current address, but has demonstrated her intent to remain as evidenced by the length of time she has resided at her current address.   Finally, she has denied any property holdings in West Virginia, as well as any residential history in this state.

Therefore, because Plaintiff has established complete diversity in this action, Defendant Gary Hackney's motion, (ECF No. 13), is **DENIED**.

B.   In rem *Jurisdiction*

As the basis of her Motion to Dismiss, Defendant S. Hackney argues that this Court lacks *in rem* jurisdiction over real property owned by S. Hackney and situated in North Carolina.   (ECF No. 10.)   Therefore, S. Hackney argues that the Court must dismiss this action or "those parts of the complaint" that relate to the real property situated in North Carolina.   (*Id.* at 2.)   Plaintiff, however, insists this Court has *in personam* jurisdiction over the Defendants and may, therefore, indirectly affect real property situated in another state.   (ECF No. 18 at 2–3.)

Resolution of this motion, then, depends on the difference between *in personam* jurisdiction and *in rem* jurisdiction.   Both *in personam* and *in rem* jurisdiction are based on the principle that "every State possesses exclusive jurisdiction and sovereignty over persons and property within its territory."   *Pennoyer v. Neff*, 95 U.S. 714, 722 (1877).   "Actions *in rem* are prosecuted to enforce a right to *things*," whereas "actions *in personam* are those in which an *individual* is charged personally." *The Sabine*, 101 U.S. 384, 388 (1879) (emphasis added). "Consequently, judgments in *in rem* actions affect only the property before the court and possess and carry no *in personam* significance, other than to foreclose any person from later seeking rights in the property subject to the *in rem* action."   *R.M.S. Titanic, Inc. v. Haver*, 171 F.3d 943, 957 (4th Cir. 1999) (citing *Pennoyer*, 95 U.S. at 724).

Conversely, *in personam* actions "adjudicate the rights and obligations of individual persons or entities."   *Id.*   "The consistent constitutional rule has been that a court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant."   *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 110 (1969).   "Federal district courts may exercise *in personam* jurisdiction only to the degree authorized by Congress

acting under its constitutional power to 'ordain and establish' the lower federal courts." *ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 622 (4th Cir. 1997) (citing U.S. Const. art. III, § 1; art. I, § 8, cl. 9). "As prerequisites to exercising personal jurisdiction over a defendant, a federal court must have jurisdiction over the subject matter of the suit, venue, 'a constitutionally sufficient relationship between the defendant and the forum,' and 'authorization for service of a summons on the person.'" *Id.* (quoting *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 103–04 (1987)).

Finally, injunctive relief may only be granted in *in personam* actions. *See R.M.S. Titanic*, 171 F.3d at 957. "Consequently, a party cannot obtain injunctive relief against another without first obtaining *in personam* jurisdiction over that person or someone in legal privity with that person." *Id.* (citing Fed. R. Civ. P. 65(d)). Injunctive relief could not be granted in an *in rem* proceeding, though, because "property cannot be enjoined to do anything." *Id.* And, pursuant to *in personam* jurisdiction, a court may impose orders and injunctive relief against individuals even where such orders or injunctive relief have an indirect effect on property situated in another state. *See Jordan v. Osmun*, Civ. Action No. 1:16-cv-501, 2017 WL 2999689 at *2 (E.D. Va. Feb 15. 2017) (citing *Fall v. Eastin*, 215 U.S. 1, 8 (1909)).

With this framework in mind, Defendant S. Hackney's argument fails. First, and most importantly to the action at hand, Plaintiff has not initiated an *in rem* action. Rather, her action is based on the alleged fraudulent transfers of property, not the properties themselves. (*See* ECF No. 1.) This is properly an *in personam* proceeding. The Court, as explained above, has subject-matter jurisdiction over this action, as well as *in personam* jurisdiction over the Defendants. *See ESAB Group, Inc.*, 126 F.3d at 622. Because this Court has jurisdiction over

the claims asserted, it may also properly issue orders against the Defendant that indirectly affect property situated elsewhere.

Therefore, because the Court may exercise *in personam* jurisdiction over the Defendant, Sonya Hackney's motion, (ECF No. 9), is **DENIED**.

*IV.*   *CONCLUSION*

For the reasons discussed above, the Court **DENIES** Defendants Sonya Hackney's Motion to Dismiss, (ECF No. 9), and Gary Hackney's Motion to Dismiss.   (ECF No. 13.)

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:      July 16, 2020

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

8
