IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

TERRI LEMASTER,

        Plaintiff,

v.                                  CIVIL ACTION NO.  2:19-cv-00763

GARY HACKNEY, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is third-party intervenor David R. Karr, Jr.'s ("Karr") "Complaint for Intervention," (ECF No. 26), and Plaintiff Terri LeMaster's "Motion to Strike the 'Complaint for Intervention.'" (ECF No. 27.)  For reasons more fully discussed below, Karr's Complaint for Intervention is **DENIED**, and Plaintiff's Motion to Strike is **GRANTED**.

I.    BACKGROUND

Plaintiff Terri LeMaster filed this action against the Defendants Gary Hackney and Sonya Hackney alleging the fraudulent transfer of property, civil conspiracy, and unjust enrichment in an alleged attempt to avoid a valid judgment obtained against Gary Hackney in the Commonwealth of Kentucky. (ECF No. 1.)  Plaintiff initiated this action on October 21, 2019.  (*Id.*)  Karr filed his "Complaint for Intervention" on March 13, 2020.  (ECF No. 26.)  Plaintiff responded with her "Motion to Strike the 'Complaint for Intervention'" on March 26, 2020.  (ECF No. 27.)

In his Complaint for Intervention, Karr asserts that he entered into a written contract with Plaintiff for "purposes of recovering on the judgment at issue in this matter." (*Id.* at ¶¶ 1–2.)  He

further states that he performed "substantial services toward the recovery," but that Plaintiff terminated his services "without cause." (*Id.* at ¶¶ 4–5.) Therefore, Karr "demands judgment in his favor out of any judgment or settlement" that the Plaintiff obtains, and further "demands" this Court to file his complaint; require the parties to respond to this complaint; and to finally assess compensatory special, general, and punitive damages. (*Id.*)

Plaintiff, in her Motion to Strike, argues that Karr has failed to abide by Rule 24 of the Federal Rules of Civil Procedure in filing his Complaint for Intervention and has similarly failed to abide by the Local Rules of Civil Procedure by not including a memorandum of law with his complaint. (ECF No. 27 at 3.) Based on those failures, Plaintiff requests that this Court strike the Complaint for Intervention from the record and "treat[] [it] as if it had not been filed in this matter." (*Id.*) No response was filed to Plaintiff's Motion to Strike. Therefore, these motions are ripe for adjudication.

## II. LEGAL STANDARD

The Fourth Circuit generally favors liberal intervention which is considered "desirable to dispose of as much of a controversy involving as many apparently concerned persons as is compatible with efficiency and due process." *Feller v. Brock*, 802 F.2d 722, 729 (4th Cir. 1986) (internal quotation marks and citation omitted.) Liberal intervention, however, does not mean that every doubt shall be resolved in favor of the intervenor. *Ohio Valley Environmental Coalition, Inc. v. McCarthy*, 313 F.R.D. 10, 16 (S.D. W. Va. 2015). "Federal Rule of Civil Procedure 24 sets standards for intervention that must be observed and applied thoughtfully by courts." *Id.* (citing 7C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1904 (3d ed.)).

Intervention is governed by Rule 24[1] of the Federal Rules of Civil Procedure and provides two avenues to intervene. Pursuant to Rule 24(a)(2), a non-party may intervene as a matter of right if the intervenor can demonstrate "an interest in the subject matter of the action; [ ] that the protection of this interest would be impaired because of the action; and [ ] that the applicant's interest is not adequately represented by existing parties to the litigation." *Ohio Valley*, 313 at 16 (quoting *Stuart v. Huff*, 706 F.3d 345, 349 (4th Cir.2013)). When intervention of right is not available, a court may grant permissive intervention pursuant to Rule 24(b) if the intervenor "has a claim or defense that shares a common question of law or fact with the main action." *Id.*

### III. DISCUSSION

Plaintiff has asserted several arguments as to why Karr's Complaint for Intervention fails, with each argument focused on alleged failures to comply with the Federal Rules of Civil Procedure. First, Plaintiff argues that Karr has failed to comply with Rule 24 by failing to make a motion and instead filing the Complaint for Intervention unilaterally. (ECF No. 27 at ¶ 10.) In addition to this failure, Plaintiff further argues that Karr failed to properly serve the parties and failed to submit a memorandum in accordance with the Local Rules of Civil Procedure. (*Id.* at ¶ 10, n.2.) Next, Plaintiff argues that Karr has not provided any argument or information as to why

---

[1] In pertinent part, Rule 24 provides:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
> . . .
> (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.
>
> (b) Permissive Intervention.
>
> (1) In General. On timely motion, the court may permit anyone to intervene who:
> . . .
> (B) has a claim or defense that shares with the main action a common question of law or fact.

Fed. R. Civ. P. 24.

3

the Court should allow intervention, including addressing "timeliness, prejudice, or other reasons necessary for consideration." (*Id.* at ¶ 11.) Finally, Plaintiff argues that, even despite these failings, Karr has not provided any explanation for his failure to comply with Rule 24. (*Id.* at ¶ 12.)

Karr's failure to comply with the requirements of Rule 24 are ultimately fatal to his intervention. While the Fourth Circuit has instructed that non-prejudicial technical defects are to be disregarded, *see Spring Const. Co., Inc. v. Harris*, 614 F.2d 374, 377 (4th Cir. 1980), Karr's defects are prejudicial to the point the Court cannot grant intervention as of right. First, there was no motion or application made to this Court to consider the Intervenor's request. This step would be critical to establish an intervention by right, which requires—absent statutory authority granting such right—a demonstration that Karr has an interest in the subject-matter of the action; that protection of this interest would be impaired because of the action; and that his interest would not be adequately represented by the existing parties. *See Ohio Valley*, 313 at 16. Next, and included with this motion, there would have been a memorandum of law, which would have presented arguments for the Court to consider intervention, but alas, there was no memorandum. *See* L.R. Civ. P. 7.1(a)(2). Based solely on Karr's Complaint for Intervention alone, this Court cannot conclude that he has established a right to intervene. Furthermore, and only adding to this critical failure, Karr failed to put the existing parties on notice of his intent to intervene. While this failure standing alone would not be fatal to his intervention,[2] the failure to properly serve the existing parties with the Complaint to Intervene only compounds the original failure. Finally, Karr has made no attempt to explain these failures or why the Court should grant his intervention despite his noncompliance with Rule 24.

---

[2] Indeed, Plaintiff responded to Karr's Complaint for Intervention within two weeks of its filing.

4

Still, mindful of the liberal approach to intervention, this Court considers Karr's complaint under Rule 24(b). *See Stuart v. Huff*, 706 F.3d 345, 349 (4th Cir. 2013). Rule 24(b)(1)(B) allows a court to exercise its discretion and permit intervention where an intervenor has demonstrated a "claim or defense that shares with the main action a common question of law or fact." "If the would-be intervenor has no claim or defense with a question of law or fact in common with the main action, permissive intervention should be denied." *Ohio Valley*, 313 F.R.D. at 30. However, if the court finds a common question of law or fact, then it is within the court's discretion to allow intervention. *Id.*

In this regard, the Court finds that permissive intervention should be denied. Karr has essentially asserted a breach of contract by the Plaintiff for services he allegedly performed in the leadup to this action. (*See* ECF No. 26.) However, Karr's complaint only bears an indirect relationship to the claims at hand in this action. Karr's intervention would serve no useful purpose in this action, and it does not present any common questions of fact or law with the main action. *See, e.g.*, *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 177 (2d Cir. 2001) ("[T]he interest of discharged counsel in their attorney's fees is unrelated to the underlying cause of action."); *Laker Airways Ltd. V. Pan American World Airways*, 109 F.R.D. 541, 544 (D.D.C. 1985) (denying intervention to former partner of law firm seeking division of attorney's fees). Because Karr's intervention serves no useful purpose in this litigation and bears only an indirect relationship to the underlying action, Karr's Complaint for Intervention is hereby **DENIED**.

5

## IV. CONCLUSION

For the reasons discussed above, the Court **DENIES WITHOUT PREJUDICE** David R. Karr, Jr.'s Complaint for Intervention, (ECF No. 26), and **GRANTS** Plaintiff Terri LeMaster's Motion to Strike the Complaint for Intervention. (ECF No. 27.)

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: July 21, 2020

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE